in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

**Grace Dorothy MUTONYI, Petitioner,**

**v.**

**Alberto GONZALES, United States Attorney General, Respondent.**

No. 05–0738–AG.

United States Court of Appeals, Second Circuit.

May 9, 2006.

Jan H. Brown, New York, New York, for Petitioner.

William A. Collier, William J. Nardini, Assistant United States Attorneys (Kevin J. O'Connor, United States Attorney, District of Connecticut), New Haven, CT, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

SUMMARY ORDER

Grace Dorothy Mutonyi, through counsel, petitions for review of the January 2005 order affirming Immigration Judge ("IJ") Margaret McManus's decision denying her application for asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the IJ decision as supplemented by the BIA, where, as here, the BIA adopted and affirmed, in addition to having supplemented, the IJ decision. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003).

Substantial evidence supports the IJ's finding that the evidence presented by Mutonyi did not establish that she would be persecuted if returned to Uganda. The record confirmed that in 2002, domestic violence against women was common; traditional and widespread societal discrimination against women continued; families traditionally favored boys when making financially-related educational decisions; the Ugandan Government's human rights record was poor; and there were numerous attacks by the Lord's Resistance Army ("LRA") on villages, internally displaced persons camps, and refugee camps in which persons were killed, injured, raped, or abducted. Mutonyi, however, failed to present any evidence that she, as a professional woman, would be personally targeted for persecution if she returned to Uganda. The BIA and IJ properly concluded that Mutonyi failed to meet her burden to establish eligibility for asylum or withholding of removal.

Mutonyi argues that the IJ erroneously suggested that the LRA's abuses are limited to northern Uganda. However, it was Mutonyi's burden to prove that she has a well-founded fear countrywide, 8 C.F.R. § 1208.13(b)(2)(ii), and substantial evidence supports the agency's finding that she does not. The record simply does not compel a finding that the LRA acts countrywide.

In addition, substantial evidence supports the IJ's finding that Mutonyi did not establish eligibility for CAT relief. The IJ acknowledged that the country conditions materials indicated that torture did occur in Uganda but reasonably indicated that this information, by itself, did not establish that Mutonyi would more likely than not be subjected to torture if returned to her country. *Cf. Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160–61 (2d Cir. 2005) (holding that petitioner failed to set forth a successful CAT claim because she presented no "particularized evidence" that she would be subjected to torture in Chinese prisons).

Finally, while we are concerned by reports of worsening conditions in Uganda, we decline to remand for the consideration of new evidence. *Cf. Qun Yang v. McElroy,* 277 F.3d 158, 163 (2d Cir.2002). If petitioner believes there has been a change in country conditions warranting a reopening of her case, her remedy is to make a motion to reopen with the BIA.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).